IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                     PLAINTIFF

v.                                    Case No. 3:19-cr-30005

LUCAS MONTAGNE                                                                DEFENDANT

## ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 88. Judge Ford recommends that Defendant Lucas Montagne's Motion for Certificate of Appealability (ECF No. 85) be denied. Defendant filed a timely objection.[1] ECF No. 89. The Court finds the matter ripe for consideration.

### I. BACKGROUND

On June 26, 2019, Defendant was named in eight counts in an Indictment, with every count related to child pornography or abuse of a minor.[2] ECF No. 9. On October 10, 2019, Defendant agreed to plea guilty to Count Three, which charged him with production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e). ECF Nos. 32, 32-1, & 56. During the change of plea hearing, the Court informed Defendant that, when combined with prior sexual offense convictions in Texas, his guilty plea would result in a mandatory life sentence pursuant to 18 U.S.C. § 3559(e). Defendant stated that he understood the result of his guilty plea. ECF No. 56, p. 4-12. Defendant plead guilty to Count Three, and the remaining counts were dismissed. ECF No. 56, p. 20-22;

---

[1] Though the envelope in which Defendant's objection was mailed is dated July 2, 2025, the objection itself states that it was submitted on June 18, 2025. ECF No. 89, p. 6-7. Thus, the Court will presume that the objection was timely submitted.

[2] This matter was initially before the Honorable P.K Holmes. On August 12, 2024, this case was transferred to the undersigned. ECF No. 81.

ECF No. 36. On February 19, 2020, the Court sentenced Defendant to life imprisonment, five years of supervised release, restitution in the amount of $1,295,59, and a $100.00 special assessment. ECF No. 47.

Defendant appealed his sentence, arguing that the Court erred in applying the mandatory life sentence pursuant to 18 U.S.C. § 3559(e). ECF Nos. 49 & 59-1. The Eighth Circuit affirmed the sentence, declining to determine if the district court erred because any error was invited by Defendant's guilty plea and his affirmations that he understood the consequence of the guilty plea. ECF No. 59-1. On January 13, 2023, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 because of allegedly ineffective assistance of counsel. ECF No. 62. Defendant asserted that his counsel was ineffective in four ways: (1) counsel was ineffective in failing to research and discover that his prior convictions did not categorically match the generic federal sex offenses to trigger a mandatory life sentence under 18 U.S.C. § 3559(e); (2) counsel was ineffective by acting as an adversary and not an advocate when he guided and advised him to enter an open plea of guilty to an offense that required a mandatory life sentence, when he should have known that the elements necessary to trigger the mandatory life sentence were absent; (3) counsel was ineffective in failing to challenge the improper application of 18 U.S.C. § 3583; and (4) counsel was ineffective in advising him that if he went to trial he would receive nine life sentences, when he should have known that his prior convictions did not qualify to trigger the 18 U.S.C. § 3559(e) enhancement. *Id*. at p. 4-10.

On January 12, 2024, Judge Ford issued an R&R recommending that Defendant's Motion to Vacate be denied. ECF No. 77. Judge Ford reasoned that the Court properly applied 18 U.S.C. § 3559(e) at sentencing and that Defendant's counsel could not be ineffective for failing to pursue a meritless argument. The Court adopted Judge Ford's recommendation and dismissed

Defendant's Motion to Vacate.  ECF Nos. 82 & 84.  On May 19, 2025, Defendant filed a Motion for Certificate of Appealability ("COA") requesting that the Court grant him said certificate to appeal the Court's dismissal of his motion to vacate.[3]  ECF No. 85.  On June 6, 2025, Judge Ford issued the instant R&R recommending that Defendant's request for a COA be denied.

## II. DISCUSSION

Defendant's motion for a COA argues that he should be permitted to appeal the Court's denial of his motion to vacate his sentence because his counsel's decision to not challenge to application of 18 U.S.C. § 3559(e) could be reasonably viewed as constitutionally deficient.  ECF No. 85, p. 3-6.  Defendant contends that reasonable jurists could find that the mandatory life sentence did not apply under the circumstances and thus his counsel was possibly ineffective for failing to challenge the Court's application of 18 U.S.C. § 3559(e).  Noting that a petitioner does not need to show that his appeal will succeed to be granted a COA, Defendant asserts that he has made a sufficient argument to allow his Motion to Vacate to be evaluated on appeal.

In the instant R&R, Judge Ford determines that Defendant's prior Texas conviction under Texas Penal Code § 22.011(a)(2) is a "State sex offense" that would constitute a Federal sex offense because the same actions would be a crime under 18 U.S.C. § 2242. ECF No. 88, p. 7-10.  Judge Ford then reasons that the Court appropriately applied 18 U.S.C. § 3559(e)(1) when sentencing Defendant to lifetime imprisonment.  Therefore, Judge Ford recommends finding that Defendant's counsel cannot be found ineffective for failing to pursue a meritless argument against the mandatory sentence and that there is no arguable issue permitting a COA.

---

[3] Though May 19, 2025, is the date the Motion for COA appears on the docket, Defendant declared under penalty of perjury that he placed the motion in the prison mailing system on February 12, 2025.  ECF No. 85, p. 6.  Thus, Judge Ford treats the motion as timely.

3

Defendant's objection generally argues that Judge Ford's analysis of the Texas offense is incorrect and that his counsel should have realized that the prior conviction did not trigger the mandatory life sentence. ECF No. 89, p. 2-5. Defendant cites to *United States v. Burchell*, 2021 WL 3726899 (D. S.D. Aug. 23, 2021) to demonstrate that reasonable jurists could find that Texas Penal Code § 22.011 is not analogous to 18 U.S.C. § 2242. Defendant argues that this possibility requires that he be permitted to appeal the Court's denial of his claim for ineffective assistance of counsel at sentencing.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under [28 U.S.C. § 2255]." 28 U.S.C. § 2253(c)(1)(B). To be entitled to a COA, "a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation omitted). The requirements for showing ineffective assistance of counsel are well established:

> To obtain relief on a claim of ineffective assistance of counsel, a prisoner must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. "Our scrutiny of counsel's performance is 'highly deferential;' the movant must show that counsel's performance fell 'outside the wide range of professionally competent assistance' that is sufficient to satisfy the Sixth Amendment." We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable."

*Haney v. United States*, 962 F.3d 370, 737-74 (8th Cir. 2020) (internal quotations and citations omitted).

Under 18 U.S.C. § 3559(e)(1), a "person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction

4

in which a minor was the victim, unless the sentence of death is imposed." "[T]he term 'prior sex conviction' means a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal sex offense or a State or Military sex offense." 18 U.S.C. § 3559(e)(2)(C). A "State sex offense" is defined as "an offense under State law . . . that is punishable by more than one year in prison and consists of conduct that would be a Federal sex offense[.]" 18 U.S.C. § 3559(e)(2)(B). An offense under 18 U.S.C. § 2242 is a "Federal sex offense." 18 U.S.C. § 3559(e)(2)(A).

The Court finds that Judge Ford's conclusion is sound. Defendant has not presented any argument undermining the thorough analysis Judge Ford presented in the prior R&R which recommended denying the Motion to Vacate and which the Court adopted. ECF No. 77, p. 12-26. The Court continues to agree with Judge Ford that Defendant's Texas sex offense conviction would qualify as a Federal sex offense, namely 18 U.S.C. § 2242, and mandated a life sentence pursuant to 18 U.S.C. 3559(e). Therefore, the Court cannot conclude that Defendant's counsel was deficient for failing to advance a meritless argument against the mandatory life sentence. *See Haney*, 962 F.3d at 734. Further, Defendant's citation to *Burchell* is not persuasive. The district court in *Burchell* engaged in markedly different analysis of Texas Penal Code § 22.011. That court had to determine if the Texas statute was "comparable to or more severe" than certain Federal sex offense statutes to determine an individual's obligations under the Sex Offender Registration and Notification Act ("SORNA"). *Burchell*, 2021 WL 3726899 at *1-3 (quoting 34 U.S.C. § 20911(4)). The inquiry under 18 U.S.C. § 3559(e) is different in that it only requires that a defendant have a "prior sex conviction" that "would be a Federal sex offense[.]" 18 U.S.C §§ 3559(e)(2)(B) and (e)(2)(C).

Accordingly, the Court finds that Defendant has presented no compelling argument that reasonable jurists could debate whether his counsel was ineffective in failing to challenge the application of 18 U.S.C. 3559(e) at sentencing. The Court will adopt Judge Ford's recommendation and Defendant's Motion for COA will be denied.[4]

### III. CONCLUSION

For the reasons stated above, the Court hereby adopts Judge Ford's R&R (ECF No. 88) in toto. Defendant's Motion for Certificate of Appealability (ECF No. 85) is hereby **DENIED**.

**IT IS SO ORDERED**, this 5th day of August.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[4] Defendant's Motion for COA and objection to the instant R&R never make arguments regarding his counsel's failure to challenge the Court's imposition of a term of supervised release, which was the third basis for Defendant's ineffective assistance of counsel claim. ECF No. 62, p. 7-8. Thus, the Court does not address that aspect of Defendant's Motion to Vacate in the instant Order.